UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS D. VERNER, <br>  16205 Deer Lake Road <br>  Derwood, MD 20855, <br><br>          Plaintiff, <br><br>          v. <br><br> OFFICE OF PERSONNEL MANAGEMENT, <br>  and LINDA M. SPRINGER, <br>  Director, <br>  1900 E Street, N.W., Room 7353 <br>  Washington, D.C. 20415, <br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No.  06-2244 RJL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move to dismiss the Complaint.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  A proposed order is also attached.

Respectfully submitted,

_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____

MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th St., N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

Of Counsel:

Melanie J. Watson
Attorney
Office of the General Counsel
Office of Personnel Management

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOUGLAS D. VERNER,                    )
  16205 Deer Lake Road               )
  Derwood, MD 20855,                 )
                                     )
          Plaintiff,                 )
                                     )
          v.                         ) Civil No.  06-2244 RJL
                                     )
OFFICE OF PERSONNEL MANAGEMENT,      )
  and LINDA M. SPRINGER,             )
  Director,                          )
  1900 E Street, N.W., Room 7353     )
  Washington, D.C. 20415,            )
                                     )
          Defendants.                )
_____ )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Plaintiff, Douglas D. Verner, states that he "seeks recovery from defendants for reimbursement of medical expenses which he incurred on behalf of his daughter, Taylor Verner, for reconstructive surgery." Complaint, ¶ 1. Plaintiff alleges that he is a Federal employee receiving health insurance benefits coverage under the Federal Employees Health Benefits Program, and that he and his daughter are covered under the Blue Cross and Blue Shield Service Benefit Plan (the "Plan"). Complaint, ¶¶ 8, 9. Plaintiff further alleges that on December 17, 2002, surgery was performed on Taylor Verner, and that the Plan did not provide payment covering the total fee charged by the health care provider who performed the surgery. Complaint, ¶¶ 15, 16.

Plaintiff claims that, following the Plan's denial of payment, he appealed this decision to Office of Personnel Management ("OPM"), and that OPM affirmed the Plan's decision.  Complaint, ¶¶ 17, 18. Plaintiff further claims that he has exhausted his administrative remedies regarding his claim for the December 17, 2002 surgery. Complaint, ¶ 19.  Plaintiff also alleges that the Plan and OPM wrongfully denied his claim for benefits for the December 17, 2002 surgery, in violation of the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901 <u>et seq</u>.  Complaint, ¶ 22. Finally, Plaintiff alleges that OPM acted arbitrarily and capriciously in affirming the Plan's decision.  Complaint, ¶ 23. Plaintiff seeks damages in the amount of $6,084.25 with interest and costs.  Complaint, ¶ 24 and at ¶ "Wherefore."

    Plaintiff has brought this suit too late -- the statute of limitations has run on plaintiff's claim.  Thus, plaintiff's claim should be dismissed.

## ARGUMENT

I.   Plaintiff's Claim for Review of OPM's Decision Affirming the <u>Denial of Benefits by the Plan is Untimely.</u>

    Plaintiff's claim for review of OPM's decision to affirm the denial of benefits by the Plan must be dismissed as untimely. Under 5 C.F.R. § 890.107(d)(2), an action seeking judicial review of OPM's final action denying a health benefits claim "[m]ay not

2

be brought later than December 31 of the 3rd year after the year in which the care or service was provided."  In this case, the claim for benefits is based on services provided on December 17, 2002.  Therefore, in order for Plaintiff to have stated a claim for this Court to review OPM's decision to deny benefits with regard to this claim, Plaintiff had to bring this claim no later than December 31, 2005.  Plaintiff, however, filed his complaint on December 29, 2006.  Therefore, Plaintiff's claim has not been timely filed, and, pursuant to 5 C.F.R. § 890.107(d)(2), Plaintiff's claim must be dismissed.

A.    The Federal Employees' Health Benefits Program

The Federal Employees Health Benefits Program was created by the Federal Employees Health Benefits Act, (FEHBA) 5 U.S.C. § 8901 et seq., to provide Federal employees a "measure of protection . . . against the high, unbudgetable, and . . . financially burdensome costs of medical service through a comprehensive Government-wide program of insurance . . .,"  H.R. Rept. No. 957, 86th Cong., 1st Sess. 1 (1959) reprinted in 1959 U.S.C.C.A.N. 2913, 2914, and "to assure that federal employee health benefits are equivalent to those available in the private sector so that the federal government can compete in the recruitment and retention of competent personnel."  American Federation of Government Employees v. Devine, 525 F. Supp. 250,252 (D.D.C. 1981).  The FEHBA is a comprehensive statute regulating Federal employee health benefit plans.  The FEHBA

3

establishes qualifications for carriers and requires certain benefit types, levels and rates. See 5 U.S.C. §§ 8902, 8903.

In the FEHBA, Congress expressly delegated authority to OPM to negotiate health benefit contracts with carriers, to promulgate regulations and, in general, to administer the program. Id. §§ 8902, 8913. The government pays the majority of plan premiums. Id. §§ 8906, 8909. Further, FEHBA contracts are government procurement contracts negotiated between qualified carriers and OPM. The federal employee does not enter into a separate contract with the carrier, but rather is a third-party beneficiary of the OPM-carrier contract. See Caudill v. Blue Cross and Blue Shield of North Carolina, 999 F.2d 74, 76 (4th Cir. 1993).

Congress has also authorized OPM to prescribe minimum standards of conduct for FEHBA carriers and to withdraw plan approval should carriers fail to discharge their duties. See 5 U.S.C. §§ 8902(e), 8902a. Pursuant to FEHBA, Congress authorized OPM to decide the benefits and exclusions in FEHBA plans and to negotiate and contract for benefits, including maximums, limitations and exclusions it considers "necessary or desirable." 5 U.S.C. § 8902(d); National Federal of Federal Employees v. Devine, 679 F. 2d 907 (D.C. Cir. 1981). OPM makes "available to each individual eligible to enroll in a health benefits plan under [the FEHBA] such information, . . . as may be necessary to enable the individual to exercise an informed choice" among the plans competing in the FEHBP's "open season" that year. 5 U.S.C.

4

§ 8907 and 5 C.F.R. § 890.301(d). The FEHBA also requires that
enrollees are provided a Statement of Benefits setting forth the
plan's "benefits, including maximums, limitation, and exclusions"
for the ensuing plan year, the "procedure for obtaining
benefits," and the "principal provisions of the plan affecting
the enrollee and any eligible family members." 5 U.S.C.
§ 8907(b). The Statement of Benefits is incorporated by
reference into the contract between OPM and the plan's carrier
and is the official and exclusive description of the plan
benefits. This competitive system allows an employee "to
exercise independent judgment and obtain the plan which best
suits his or her individual needs or family circumstances." H.R.
Rep. No. 957, 86th Cong., 1st Sess. 4, reprinted in 1959
U.S.C.C.A.N. 2913, 2916.

OPM contracts for the Service Benefit Plan with the Blue
Cross and Blue Shield Association, which acts on behalf of the
local participating Blue Cross and Blue Shield plans that provide
coverage in various geographic services areas across the nation.
Because this contract is a Federal procurement contract of the
United States, it is subject to extensive Federal Procurement
regulations. See 48 C.F.R. Chapters 1 and 16; 52 Fed. Reg. 16032
(May 1, 1987). Federal employees do not contract for health
benefits with the Blue Cross and Blue Shield Association or with
the individual participating Blue Cross and Blue Shield plans.
Rather, they enroll in a plan approved by OPM, pursuant to OPM

regulations.  5 C.F.R. §§ 890.101(a), 102-104, and subparts C, D, and K.

> 1. Judicial Review of OPM's Final Action in
>    Denying Claims for Health Benefits

In 1974, Congress mandated that every FEHBA contract contain an obligation that the FEHBA carrier "agree to pay for or provide a health service or supply in an individual case if [OPM] finds that the employee, annuitant, family member, . . . is entitled thereto under the terms of the contract."  5 U.S.C. 8902(j).  To implement this statutory provision, OPM established an administrative procedure for resolution of benefit claims disputes between FEHBA carriers and plan enrollees.  See 5 C.F.R. § 890.105.  Enrollees who seek judicial review of OPM's decision must first exhaust their administrative remedies provided in 5 C.F.R. § 890.105.  See also 5 C.F.R. § 890.107(d)(1).  In addition, enrollees seeking judicial review must bring their suit against OPM and not against the carrier.  See 5 C.F.R. § 890.107, 61 Fed. Reg. 15177, 15179 (April 5, 1996).  Where judicial review of OPM decisions on disputed claims is available, the standard of review is the "arbitrary and capricious" standard of the Administrative Procedure Act.  See Muratore v. U.S. Office of Personnel Management, 222 F.3d 918 (11th Cir. 2000); Caudill v. Blue Cross and Blue Shield of North Carolina, 999 F.2d 74 (4th Cir. 1993) (OPM is the final interpreter of FEHBA contracts in order to ensure the uniformity envisioned by Congress); Harris v. Mutual of Omaha Companies, 992 F.2d 706 (7th Cir. 1993); Hayes v. Prudential Ins. Co. of America, 819 F.2d 921 (9th Cir. 1987);

6

<u>Tackitt v. Prudential Ins. Co. of America</u>, 758 F. 2d 1572 (11th Cir. 1985).

      A.   Judicial Review is not Available Where an Action Is Brought Later Than December 31 of the Third Year After the Year in which the Care or Service Was Provided

Under 5 C.F.R. § 890.107(d)(2), an action seeking judicial review of OPM's final action denying a health benefits claim may not be brought later than December 31 of the 3rd year after the year in which the care or service was provided.  Plaintiff's claim for benefits is based on services provided on December 17, 2002.  In order for this Court to exercise judicial review of OPM's decision to deny benefits with regard to this claim, Plaintiff had to bring this claim no later than December 31, 2005.  Plaintiff filed his complaint on December 29, 2006.  Therefore, Plaintiff's claim has not been timely filed, and, under 5 C.F.R. § 890.107(d)(2), Plaintiff's claim should be dismissed.

II.  The Court Lacks Authority to Provide the Requested Relief Because the Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted

Plaintiff seeks damages in the amount of $6,084.25 with interest and costs. Complaint, ¶ 24 and at ¶ "Wherefore."  Under 5 C.F.R. § 890.107(c), recovery under a suit seeking judicial review of OPM's final action denying a health benefits claim is limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute.  Thus, even if Plaintiff had filed his claim timely, which he did not, the relief

7

plaintiff seeks is unavailable to him.   Therefore, Plaintiff has
failed to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons set forth above, defendant respectfully
submits that the Court should dismiss the Complaint for lack of
jurisdiction and for failure to state a claim upon which relief
can be granted.

Respectfully submitted,


_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th St., N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226



Of Counsel:

Melanie J. Watson
Attorney
Office of the General Counsel
Office of Personnel Management

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion to dismiss was served upon plaintiff *pro se* by U.S. mail, addressed to:

Douglas D. Verner
16205 Deer Lake Road
Derwood, MD 20855

on this 19th day of March, 2006.

_____

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office - Civil Division
555 - 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7226

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DOUGLAS D. VERNER,                 )
  16205 Deer Lake Road             )
  Derwood, MD 20855,               )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )  Civil No.  06-2244 RJL
                                   )
OFFICE OF PERSONNEL MANAGEMENT,    )
  and LINDA M. SPRINGER,           )
  Director,                        )
  1900 E Street, N.W., Room 7353   )
  Washington, D.C. 20415,          )
                                   )
        Defendants.                )
_____)
```

ORDER

Upon consideration of defendants' motion to dismiss, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this _____ day of _____, 2007,

ORDERED that defendants' motion to dismiss be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed with prejudice.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office - Civil Division
555 - 4th Street, N.W.
Washington, D.C. 20530


Douglas D. Verner, *pro se*
16205 Deer Lake Road
Derwood, MD 20855